SEGGERMAN *et al. v.* VALENTINE *et al.*

(*Superior Court of New York City, General Term.* July 5, 1892.)

ACTION ON CONTRACT—"EXPENSES" OF IMPORTATION—FINE FOR UNDERVALUATION.

    Defendants agreed to take one half of a quantity of onions to be imported by plaintiffs, and to pay one half of all "actual expenses advanced" by plaintiffs. The onions were imported, and defendants paid one half of all that was claimed of them, including customs duties. Afterwards the onions were reappraised, and an additional duty of $912.06 levied thereon as a fine or penalty for undervaluation, which amount plaintiffs paid. The fine was imposed without fault on plaintiffs' part. *Held,* that they were entitled to recover one half thereof as "expenses" within their contract.

Exceptions from jury term.

Action by Frederick Seggerman and others against Napoleon Valentine and others. The court directed a verdict for plaintiffs, and defendants now move for a new trial on exceptions ordered to be heard in the first instance. Exceptions overruled.

Argued before DUGRO and GILDERSLEEVE, JJ.

*Charles Currie,* for plaintiffs. *John H. Parsons,* for defendants.

DUGRO, J. The exceptions were ordered to be heard in the first instance at general term. In July, 1890, plaintiffs and defendants contracted as follows: The plaintiffs agreed to take 5,000 crates of onions to be imported at a stated costs and freight, paying defendants cash on arrival, and taking all risk of importation; the defendants to insure goods under their policy, and to pay plaintiffs for the actual expenses advanced. There were other terms in the contract unnecessary to state. Plaintiffs imported 5,000 crates of onions, one half for defendants, and received payment from defendants of all that was claimed, including one half the amount of duty paid upon the whole original import entry. Subsequently, upon a reappraisement of the goods, it appeared that they had been undervalued in the original entry at the custom house, and that the duty paid was $36.50 less than that which should have been paid. By reason of this fact, an additional duty of $912.06 was payable, under the laws of the United States, on the whole importation. These two amounts the plaintiffs paid, and they now ask that the defendants contribute one half. The complaint sets forth that import duties to the amount of $510.48 accrued, which plaintiffs paid on defendants' behalf and for their account, and on account of which there is still unpaid $474.38. The answer denies that these duties were paid, but admits the payment of $66.10 as duties, and sets forth that the $474.38 referred to in the complaint was paid, if at all, as a fine or penalty for an undervaluation in the entry of the onions, for which the defendants should in no manner be held liable. It will be observed that the defendants contend in their answer that the mere fact that the $474.38 was paid as a fine or penalty for an undervaluation is sufficient defense to the plaintiffs' claim. Now, it matters not whether the payment be considered as for a fine for undervaluation or for an additional duty; if it was for an expense,

within the meaning of the term "expenses" as used in the contract, the defendants should pay it. A fair interpretation of the word leads to the conclusion that it included the duties or fines. The parties themselves interpreted it to include the import duty. The plaintiffs were necessarily compelled to pay the amount in question, and, as the fine does not appear to have been imposed through any fault of plaintiffs, (in fact it is not pleaded to have been imposed through the plaintiffs' fault,) the exceptions should be overruled, and the plaintiffs should have judgment upon the verdict, with costs.